OPINION
DESMOND, Justice:
This is an appeal of an Order entered by the Tribal Trial Court on November 7, 1997, denying Appellant Michael Thomas King’s (“Michael”) Motion to change custody of Adri Antoine.
Adri Antoine, born in 1989, is the child of Appellant Michael King and Peggy S. Keele (“Peggy”).[1] Apparently, Michael and Peggy had separated by the time Adri was born. Michael was awarded custody of the parties’ older child, Michael Jr., age 12, and Michael Sr. remains Michael Jr.’s custodian. Adri has spent a great deal of her life in the care of her maternal aunt Janita Hammond (“Janita”), with whom she lives at present. Adri has lived for relatively brief periods with her mother but not, apparently, with her father.
Through the years, Michael has consistently tried to obtain custody of Adri. In 1992, he prevailed in a custody dispute against Peggy. However, the decision was overturned on appeal and custody was awarded to Peggy. Later, in 1994, when Michael filed a Motion for custody, the Tribal Trial Court removed Adri from Peggy’s custody but rather than placing Adri in Michael Sr.’s home, instead placed her in the temporary custody of Janita Hammond.
The events leading up to this appeal, according to Michael’s Brief, are as follows. In the spring of 1997, Janita left her husband and moved to Indiana, taking Adri with her, without notifying Michael or the tribal trial court. When Michael located Janita and Adri and tried to visit Adri, Janita returned to Dixon, Montana. Then on April 9, 1997, Michael filed, a Motion to change custody. He served the Motion on Peggy, Janita and Deb DuMontier, the tribal CASA (“Court Appointed Special Advocate”) Attorney. None of the three filed a timely response.
Then, on May 27, 1997, Michael filed a request for hearing. A hearing was set for July 8, 1997. The Court Clerk served Michael, Janita, Peggy and Ms. DuMontier with notice of the hearing. After service of the notice of hearing upon her, Janita, on July 2, 1997, served a response to Michael’s Motion on his attorney. The July 8, 1997 hearing date was continued to July 11, 1997, due to illness of the Trial Court Judge. At the request of Michael’s attorney, the Trial Court later reset the hearing for September 16, 1997. On July 14, 1997, Michael’s attorney filed a Motion to Strike Janita’s Response, At the request of Jani-ta’s counsel and with the agreement of Michael’s counsel, on September 17, 1997, the court continued the case to November 4, 1997. On that day, in chambers, Michael: (1) renewed his Motion to Modify, based on Peggy’s failure to appear or respond; (2) moved to strike Janita’s response, both for failure to timely respond to the original Motion and for failure to respond to Michael’s Motion to Strike the Response as untimely; and (3) moved for entry of an Order awarding Michael residential custody of Adri.
Peggy did not appear for the November 4, 1997 hearing. The Court denied Michael’s Motions and it is from that denial that he appeals.[2] The Court did direct *53 Tribal Social Services to perform home studies of the homes of Michael, Peggy and Janita and continued the hearing until completion of the home studies.
Essentially, Michael argues that the Court should have awarded custody to him because Peggy and Janita have forfeited their right to be heard. Specifically, he points out that Peggy has not responded, despite being served with all pleadings and Janita responded late.
Although the parties did not raise the issue of appealability of the Tribal trial Court Order, this Court raised the issue itself and requested and received briefing and argument from the parties on appeala-bility. We conclude that the appeal is not permissible under § 3-2-203 of Ordinance 90B, Confederated Salish and Kootenai Tribal Appellate Procedures Ordinance.
Like that of most other appellate courts, except as specifically indicated otherwise, this Court’s appellate jurisdiction is limited generally to what are often called “Final” judgments. Thus, § 3-2-303, C.S. & K. Trib.App. Proc. Ord., sets forth the appellate jurisdiction of this court in relevant part, as follows:
The Court of Appeals has exclusive jurisdiction over appeals by an aggrieved party from a judgment or order in the following cases:
(1) From a final judgment entered in an action or special proceeding commenced in the Tribal Court ...
(2) From an order .. . and from such interlocutory judgments or orders in actions involving the custody, guardianship, or conservatorship of minors or incompetent persons as may determine permanently, and not on an emergency or temporary basis pending further proceedings, the rights, interests, responsibilities of the respective parties and direct the disposition of the person or property of the minor or incompetent person in accordance with the determination . ..
This Court has not, before now, interpreted, in the context of an Order denying a custody modification, the meaning of “final judgment” as that phrase in used in § 3-2-303(1), C.S. & K. Trib.App. Proc. Ord., or the portion of subsection (2) that may apply more specifically in this matter.
In Baylor v. Confe,derated. Salish and Kootenai Tribes et al, CV-039-92, June 28, 1996, the Court of Appeals determined that a Trial Court Order denying a Motion to Dismiss is not a final judgment within the meaning of § 3-2-303(1), C.S. & K. Trib.App. Proc. Ord., and was not appeal-able as an interlocutory Order. The Court held that a Motion to dismiss was not included in the list of interlocutory orders made appealable by § 3-2-303(2) and (3), C.S. & K. Trib.App. Proc. Ord. The Court stated:
The negative implications of these provisions are strong—that other interlocutory orders of the Tribal Court are not appealable to this Court, and we are not disposed to set aside these implications.
Baylor, Slip op. at 11.
The Baylor appellate Court reviewed the reasons for what it called the “Rule of Finality” in terms that provide guidance here:
Among them is efficiency—providing a framework in which an appellate court will only hear a case once, after all relevant decisions have been made by the trial court and will not need to review interim orders that may not be relevant by the time a case is brought to conclusion. Further, the trial judge is given control of a case, control that would be *54 weakened if an attorney could file appeals at each juncture that the trial court reaches an adverse decision.
Id. The Court continued by stating that rules of finality have been strictly interpreted in other courts and should be so interpreted in this Court.
We have reviewed the, question before us by interpreting § 3-2-303(1), C.S. & K. Trib.App. Proc. Ord., in light of Baylor, and the meaning of appealability as generally accepted in other jurisdictions.
According to the United States Supreme Court, a final judgment is one that determines all of the issues as to all parties in a case. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The Supreme Court further stated in Cat-iin that a decision is final under federal law if it “ends the litigation on the merits and leaves nothing for the court to do but execute on the judgment.” Catlin, at 233, 65 S.Ct. 631.
Section 3-2-303, C.S. & K. Trib.App. Proc. Ord., the provision applicable here, addresses the requirement that judgments be final for an appeal to be considered in subsection (1) and addresses appeal of certain non-final orders in subsections (2) and (3). The matter before us does not contain a final judgment and the exceptions to the finality rule set forth in subsection (2) do not apply here.
A review of the proceedings below illustrates why this case is not appealable or, as a practical matter, ready for our review. Because no hearing has been held in the trial court, other than procedural hearings, and because at the time of the November 7, 1997 hearing, no home studies had been performed, we have no record concerning the living circumstances and family settings of any of the three persons who may wish to have Adri live with them. Thus, we have no basis to determine whether the trial Court’s decision, if it were considered final, was in accordance with the law.
Further, while if this were a commercial dispute, Michael might have strong legal arguments in his favor concerning the legal detriment that should result to the other parties as a consequence of their apparent procedural errors, this matter involves the welfare of a child. This is not to say that in appropriate circumstances a Court could not rule out placement of a child with persons who either do not cooperate in legal proceedings or who do not participate in a meaningful way. Yet, for a trial court to transfer custody to Michael or any other parent in a similar situation, without assuring through home studies, or other means, that this is the appropriate placement for Adri, would be an abrogation of its responsibility to the children over whom it exercises jurisdiction.
Additionally, although this is not disposi-tive of the issue, it is clear that the Trial Court itself did not consider its Order final, since, at the same time the Court denied Michael’s Motion, the Court also directed that home studies be performed of the homes of the persons who have indicated an interest in placement, now or in the past. When these studies are concluded, Michael may certainly argue to the lower Court that his is the only home that should be considered for placement.
Michael argues that under Montana law, to which this Court may look for guidance, an Order denying a Motion for custody may be appealable, even though not final in the absolute sense. Michael is correct. However, it remains true that the Trial Court has not yet conducted a hearing on the merits of his Motion; even under Montana law, this would not be appealable.
In his Reply Brief, Michael expresses concern that as a non-tribal member he may not have the same rights as Tribal *55 members in guardianship proceedings. This may be a sincere concern on his part, however, it should be pointed out to him, and the Trial Court is well aware of this, that the provisions of the Indian Civil Rights Act, as they affect Tribal Court proceedings, protect non-tribal members as well as members. Dodge v. Nakai, 298 F.Supp. 26 (D.Ariz.1969).
The appealability of a matter is jurisdictional. Thus, if the Order from which an appeal has been filed is not appealable within the meaning of the tribal ordinance, then this Court lacks subject matter jurisdiction over the appeal and it must be dismissed.
We conclude with an observation on the future of this matter. One can see why Michael appeal's to feel frustrated by his situation. From his point of view, he has been denied the kind of relationship that he would like with his daughter. Others seem to have different views of what would be best for Adri. We note that this case appears to be one in which the child’s interests would be well served by her family participating in mediation of the placement and custody issues. Significant time, effort and personal and financial resources have presumably been spent by a number of adults who are dedicated to Adri’s interests. Although, of course, the Tribal Trial Court remains open to further litigation involving Adri, perhaps the time has come for those adults to remove this dispute from the courts and work, together with a mediator, to resolve it in Adri’s best interests.
Based on the foregoing, the appeal is dismissed without prejudice.
Associate Justices FORD and HALL concur in this decision.

. We do not have a complete record of all previous proceedings concerning Adri. Nor do vve need one for this decision. We draw our outline of prior proceedings from the parties' briefs and from earlier appellate decisions.

. He does not appeal the portion of the Order concerning appointment of an attorney *53 Guardian ad Litem for Adri.